# EXHIBIT A

STATE OF MAINE
ANDROSCOGGIN, SS

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: AUBSC-CV-2021-00126

ROGER PHAIR,
of Readfield, County of Kennebec ,
State of Maine,
                              Plaintiff

VS.                                                    COMPLAINT

GREAT PLAINS TRUCKING INC.,
a corporation with a principal place of
business in of Salina, County of Saline,
State of Kansas and doing business in
Auburn, County of Androscoggin, State
of Maine

AND

RONALD SMIDT, of McPherson, County of
McPherson, State of Kansas
                              Defendants

     NOW COMES the Plaintiff, by and through his attorney, and complains against the Defendants as follows:

## **PARTIES**

1. Plaintiff, Roger Phair is a resident of Readfield, County of Kennebec, State of Maine.

2. Defendant, Great Plains Trucking Inc. (hereinafter "Great Plains") is a corporation with a principal place of business in Salina, County of Saline, State of Kansas with a Registered Agent in Topeka, County of Shawnee, State of Kansas.

3. Defendant Ronald Smidt (hereinafter "Smidt") is a resident of McPherson, County of McPherson, State of Kansas and was acting as an agent of Great Plains Trucking, Inc. at all times relevant to the allegations set forth in this Complaint.

## **COUNT I**

4. On or about 1/04/2021, at approximately 5:08pm, Plaintiff Roger Phair was the passenger of a 2005 Ford operated by Robert Phair.  Said vehicle was moving in a northbound direction on a public way known as Blanchard Road in Auburn , County of Androscoggin, State of Maine.

5.  On or about 1/04/2021, at approximately 5:08pm, Smidt was operating 2021, Volvo Tractor Trailer and attached Trailer (the "Vehicle"), which Vehicle was owned or controlled by Great Plains Trucking, Inc. and which the Vehicle was making a left turn onto public way known as Turner Road  from a public way on a public known as Blanchard Road in Auburn , County of Androscoggin, State of Maine.

6.  At said time and place, Smidt owed to Plaintiff the duty to use care to operate said vehicle in such a way as to avoid causing vehicle collisions.

7.  At said time and place, Smidt, being unmindful of his duty aforesaid did negligently and carelessly drive and operate his vehicle in such a manner that he caused it to collide with the vehicle the Plaintiff was a passenger.

8.  Smidt was further negligent at said time and place in that:

   a.      Smidt failed to see the vehicle the Plaintiff was a passenger, although by exercise of due care he could have seen said vehicle in time to avoid causing a collision;

   b.      Smidt failed to yield the right of way to the vehicle the Plaintiff was a passenger;

   c.      Smidt was inattentive in operating said vehicle;

   d.      Smidt failed to operate his vehicle in a safe manner, including, but not limited to, failing to have proper illumination, failing to have proper reflective warning devices; operating a trailer with inappropriate retroreflective sheeting; and/or negligently covering reflective devices and lighting on the vehicle.

9.  As a direct and proximate result of the negligence of Smidt aforesaid, Smidt's vehicle was struck by the vehicle in which Plaintiff was a passenger, as a result of which Plaintiff received injuries of mind and body.

WHEREFORE, Plaintiff Roger Phair prays judgment that is reasonable against Defendant Smidt plus interest and costs, in this Count I.

## COUNT II

10.  Plaintiff restates and realleges all of the material contained in paragraphs 1 through 9 above as if fully set out herein.

11.  At the time and place of the incident complained of, Robert Phair was the driver the of vehicle Roger Phair was a passenger.

12.  Robert Phair was seriously injured and Plaintiff, his brother, was present and witnessed the injuries.

13. The Defendants, owed to Plaintiff a duty to not engage in behavior that was could reasonably inflict severe emotional distress.

14. The Defendants breached that duty when they negligently caused injury to Robert Phair.

15. As the result of this breach, Plaintiff has suffered severe emotional distress that has manifested itself in physical injuries.

16. Said injuries caused great pain and suffering and mental anguish to Plaintiff requiring hospitalization and medical treatment for which Plaintiff is liable financially, have caused him loss of enjoyment of life, all of which elements of damage are of a continuing nature since the injuries are permanent in their effects.

WHEREFORE, Plaintiff Roger Phair prays judgment that is reasonable against defendants Great Plains Trucking Inc. and Ronald Smidt, plus interest and costs, in this Count II.

## COUNT III

17. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 16 and incorporates the same herein by reference.

18. At all times pertinent to Plaintiff's Complaint, Great Plains was the registered owner of the Vehicle and had entrusted said truck and trailer to Smidt for operation on Maine's public ways.

19. At all times pertinent to Plaintiff's Complaint, Smidt was the agent, servant, or employee of Great Plains and was operating Defendant's Truck and Trailer for the benefit of Great Plains in the course and scope of Smidt's employment and/or contract with Great Plains.

20. As Smidt's employer, Great Plains will be liable to Plaintiff for Smidt's negligent conduct which Smidt undertook in the course and scope of the Smidt's employment with the State.

21. As a direct and proximate result of the Smidt's negligence, which negligence occurred in the course and scope of Smidt's employment with Great Plains, Plaintiff suffered the above-referenced injuries.

WHEREFORE, Plaintiff Roger Phair prays judgment that is reasonable against defendant Great Plains Trucking Inc., plus interest and costs, in this Count III.

## COUNT IV

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 and incorporates the same herein by reference.

23. The Smidt was not physically fit to operate the Vehicle in questions and/or was incompetent, inexperienced, inadequately trained, or reckless regarding his operation of the Vehicle on the date of the Incident.

24. Great Plains knew or should have known of the Smidt's physical condition, inexperience or inadequate training.

25. Great Plains entrusted the Vehicle to Smidt.

26. Great Plains retained the right to exercise control over the Vehicle after the truck was entrusted to Smidt, at all times relevant to this Complaint.

27. The entrustment of Great Plains to Smidt created an appreciable risk of harm to the Plaintiff.

28. Great Plains' negligent entrustment proximately caused or contributed to Plaintiff's injuries.

WHEREFORE, Plaintiff Roger Phair prays judgment that is reasonable against defendant Great Plains Trucking Inc., plus interest and costs, in this Count IV.

## COUNT V

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 and incorporates the same herein by reference.

30. Great Plains failed to exercise reasonable care to employ a competent, adequately experienced, adequately trained, and/or prudent driver when it hired the Smidt.

31. Great Plains had a duty to supervise Smidt and failed to do so.

32. Great Plains hired Smidt to do work which involved a risk of physical harm to third-persons unless it was performed skillfully and carefully.

33. Great Plains knew or should have known that Smidt was physically unable, incompetent, inadequately experienced, inadequately trained, and/or prone to imprudence by virtue of facts and information available to Great Plains at the time of hire, and at all times subsequent thereto up to and including the Incident.

34. Smidt was engaged in such work at the time that the Incident occurred.

35. Great Plains' above-referenced failure to exercise reasonable care in hiring and/or retaining the Smidt proximately caused or contributed to Plaintiff's injuries.

WHEREFORE, Plaintiff Roger Phair prays judgment that is reasonable against defendant Great Plains Trucking Inc., plus interest and costs, in this Count V.

DATED at Lewiston, Maine, this 29th day of October, 2021.

/s/Christian J. Lewis, Esq._____
Christian J. Lewis, Esq.
Bar No.:  10034
Attorney for Plaintiff
Hardy Wolf & Downing, PA
PO Box 3065
Lewiston, Maine 04243-3065
207-784-1589
email:  clewis@hardywolf.com

CONTAINS NONPUBLIC DIGITAL INFORMATION

## MAINE JUDICIAL BRANCH

This summary sheet and the information it contains do not replace or supplement the filing and service of pleadings or other papers as required by the Maine Rules or by law. This form is required for the Clerk of Court to initiate or update the civil docket. The information on this summary sheet is subject to the requirements of M. R. Civ. P. 11.

**I.  COUNTY OF FILING OR DISTRICT COURT JURISDICTION** *("X" the appropriate box and enter the County or location)*
- ☒ Superior Court County: _____
- ☐ District Court Location (city/town): _____

**II.  NATURE OF THE FILING**
- ☒ Initial Complaint
- ☐ Third-Party Complaint
- ☐ Cross-Claim or Counterclaim
- ☐ **Reinstated or Reopened case: Docket Number:**

_____

*If filing a second or subsequent Money Judgment Disclosure, give the docket number of the first disclosure.)*

> **Initial Complaint:** A complaint filed as an original proceeding. A filing fee is required.
> **Third-Party Complaint:** An original defendant's action against a third party that was not part of the original proceeding. A filing fee is required.
> **Cross-Claim:** An original defendant's claim against another original defendant. No additional fee is required.
> **Counterclaim:** An original defendant's claim against an opposing party. No additional fee is required.
> **Reinstated or Reopened Case:** Money Judgment Disclosures or post-judgment motions.

**III.  ☐ REAL ESTATE OR TITLE TO REAL ESTATE IS INVOLVED**

**IV.  MOST DEFINITIVE NATURE OF ACTION**
*("X" in ONE box. If the case fits more than one nature of action, select the one that best describes the cause of action.)*

<u>GENERAL CIVIL</u>
**Constitutional/Civil Rights**
- ☐ Constitutional/Civil Rights
**Contract**
- ☐ Contract
- ☐ Debt Collection brought by a debt collector as defined by 32 M.R.S. § 11002
**Declaratory/Equitable Relief**
- ☐ Declaratory Judgment
- ☐ General Injunctive Relief
- ☐ Other Equitable Relief
**Non-Personal Injury Torts**
- ☐ Auto Negligence
- ☐ Libel/Defamation
- ☐ Other Negligence
- ☐ Other Non-Personal Injury Tort
**Personal Injury Torts**
- ☐ Assault/Battery
- ☒ Auto Negligence
- ☐ Domestic Tort
- ☐ Medical Malpractice
- ☐ Other Negligence
- ☐ Other Personal Injury Tort
- ☐ Product Liability
- ☐ Property Negligence

**Statutory Actions**
- ☐ Freedom of Access
- ☐ Other Statutory Action
- ☐ Unfair Trade Practice
**Miscellaneous Civil**
- ☐ Administrative Warrant
- ☐ Appointment of Receiver
- ☐ Arbitration Awards
- ☐ Common Law Habeas Corpus
- ☐ Drug Forfeiture
- ☐ Foreign Deposition
- ☐ Foreign Judgments
- ☐ HIV Testing
- ☐ Land Use Enforcement (80K)
- ☐ Minor Settlements
- ☐ Other Civil
- ☐ Other Forfeiture/Property Libel
- ☐ Pre-Action Discovery
- ☐ Prisoners Transfers
- ☐ Shareholders' Derivative Action

<u>APPEALS (ADR EXEMPT)</u>
- ☐ Administrative Agency (80C)
- ☐ Governmental Body (80B)
- ☐ Other Appeal

<u>REAL ESTATE</u>
**Foreclosures**
- ☐ Foreclosure (ADR exempt)
- ☐ Foreclosure (Diversion eligible)
- ☐ Foreclosure (Other)
**Title Actions**
- ☐ Boundary
- ☐ Easement
- ☐ Eminent Domain
- ☐ Quiet Title
**Miscellaneous Real Estate**
- ☐ Abandoned Road
- ☐ Adverse Possession
- ☐ Equitable Remedy
- ☐ Mechanics Lien
- ☐ Nuisance
- ☐ Other Real Estate
- ☐ Partition
- ☐ Trespass

<u>CHILD PROTECTIVE CUSTODY</u>
- ☐ Non-DHHS Protective Custody

<u>SPECIAL ACTIONS</u>
- ☐ Money Judgment Disclosure

> **ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
> **Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

### MAINE JUDICIAL BRANCH

**V.** **M.R. Civ. P. 16B ALTERNATIVE DISPUTE RESOLUTION (ADR)**

☐ I certify that pursuant to M.R. Civ. P. 16B(b), this case is exempt from a required ADR process because (*"X" one box below*):

☐ It falls within an exemption listed above (it is an appeal or an action for non-payment of a note in a secured transaction).

☐ The plaintiff or defendant is incarcerated in a local, state, or federal facility.

☐ The parties have participated in a statutory pre-litigation screening panel process with (*name of panel chair*) _____ that concluded on (*date of panel finding - mm/dd/yyyy*) _____.

☐ The parties have participated in a formal ADR process with (*name of neutral*) _____ on (*date – mm/dd/yyyy*) _____.

☐ The plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption.

☐ The action does not include ADR pursuant to M.R. Civ. P. 16(a)(1).

☐ There is other good cause for an exemption and the plaintiff has filed a motion for exemption.

**VI.** **PARTY AND ATTORNEY CONTACT INFORMATION**

*If you need additional space, list additional parties on an attachment and note "see attachment" in the appropriate section.*

**Please note:** If a party is a government agency, use the full agency name or the standard abbreviation. If the party is an official within a government agency, identify the agency first and then the official, giving both name and title.

**(a) PLAINTIFF(S)**

(*"X" the box below to indicate the party type associated with the filing*)

☒ Plaintiff(s)
☐ Third-Party Plaintiff(s)
☐ Counterclaim Plaintiff(s)
☐ Cross-Claim Plaintiff(s)

Is the plaintiff a prisoner in a local, state, or federal facility? ☐ Yes ☒ No

Name (*first, middle initial, last*):   Roger Phair
Mailing address (*include county*):   420 Sturtevant Hill Road
Readfield, County of Kennebec, Maine 04355
Telephone:
Email:

Name (*first, middle initial, last*):
Mailing address (*include county*):

Telephone:
Email:

**(b) ATTORNEY(S) FOR PLAINTIFF(S)**

If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL plaintiffs, specify which plaintiff(s) the listed attorney(s) represents.*

Name and bar number:   Christian J. Lewis, Esq. Bar No.: 10034
Firm name:   Hardy Wolf & Downing
Mailing Address:   PO Box 3065
Lewiston, Maine 04243-3065
Telephone:   207-784-1589
Email:   clewis@hardywolf.com

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

## MAINE JUDICIAL BRANCH

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

**(c) DEFENDANT(S)**
*("X" the box below to indicate the party type associated with the filing)*
[X] Defendant(s)
[ ] Third-Party Defendant(s)
[ ] Counterclaim Defendant(s)
[ ] Cross-Claim Defendant(s)

Is the defendant a prisoner in a local, state, or federal facility? [ ] Yes [x] No

Name (*first, middle initial, last*): Great Plains Trucking, Inc.
Mailing address (*include county*): 1621 Dewey Street
Salina, County of Saline, Kansas 67401
Telephone: _____
Email: _____

Name (*first, middle initial, last*): Ronald Smidt
Mailing address (*include county*): 1321 Northcourt Street
McPherson, County of McPherson, Kansas 67460
Telephone: _____
Email: _____

**(d) ATTORNEY(S) FOR DEFENDANT(S)**
If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL defendants, specify which defendant(s) the listed attorney(s) represents.*

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

Name and bar number: _____
Firm name: _____
Mailing Address: _____
_____
Telephone: _____
Email: _____

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.

CONTAINS NONPUBLIC DIGITAL INFORMATION

## MAINE JUDICIAL BRANCH

**(e) PARTIES IN INTEREST**

Name (*first, middle initial, last*): _____

Mailing address (*include county*): _____

_____

Telephone: _____

Email: _____

Name (*first, middle initial, last*): _____

Mailing address (*include county*): _____

_____

Telephone: _____

Email: _____

**(f) ATTORNEY(S)**

If there are multiple attorneys, indicate the lead attorney. *If all counsel do not represent ALL parties in interest, specify which parties in interest the listed attorney(s) represents.*

Name and bar number: _____

Firm name: _____

Mailing Address: _____

_____

Telephone: _____

Email: _____

Name and bar number: _____

Firm name: _____

Mailing Address: _____

_____

Telephone: _____

Email: _____

**VII.    RELATED CASE(S) IF ANY**

Case name: _____

Docket Number: _____

Assigned Judge/Justice: _____

Date (*mm/dd/yyyy*): __10/29/2021__

▶ _/s/Christian J. Lewis, Esq._

Signature of Plaintiff or Lead Attorney of Record

Christian J. Lewis, Esq. Bar No.: 10034

Printed Name of Plaintiff or Attorney

**ADA Notice:** The Maine Judicial Branch complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation contact the Court Access Coordinator, accessibility@courts.maine.gov, or a court clerk.
**Language Services:** For language assistance and interpreters, contact a court clerk or interpreters@courts.maine.gov.